IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM DALE JAEGER, # 132758, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:19cv1035-WHA-JTA |
| ) | [WO] |
| CHARLES GRADDICK, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This cause is before the court on Petitioner William Dale Jaeger's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on December 6, 2019. Doc. 1; *see also* Doc 15. Jaeger, an Alabama prisoner, alleges that the Alabama Board of Pardons and Paroles ("Parole Board") has violated his constitutional rights by setting off his next parole consideration date for November 2031. Doc. 15 at 1–2.

In an answer filed on February 18, 2020, Respondents maintain that Jaeger has not exhausted his state court remedies regarding the claims in his § 2254 petition. Doc. 19. Respondents argue that Jaeger's § 2254 petition should therefore be dismissed without prejudice to allow him to exhaust his state court remedies. *Id.*

In light of the arguments and evidence presented by Respondents, this court entered an order allowing Jaeger to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies.  Doc. 20.  Jaeger did not file a response to this order.

## II.  DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."  28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c).").  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan, supra*, 526 U.S. at 845.

Under Alabama law, initial review of an action by the Parole Board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County."  *Henley v. State of Alabama Board of Pardons and Paroles*,

849 So.2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997). A complete round of appellate review of an adverse ruling on a petition for a common-law writ of certiorari in Alabama is by (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* § 12-3-9, Ala. Code 1975; (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala.R.App.P. 39(c)(1); and (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala.R.App.P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

The pleadings and evidentiary materials before this court indicate that Jaeger has failed to exhaust any claim he may have. Jaeger has yet to seek initial review of the Parole Board's action by filing a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County, and he has not sought appellate review of any decision by the Circuit Court of Montgomery County.

This court does not deem it appropriate to rule on the merits of Jaeger's claims without first requiring that he exhaust his state court remedies. The court therefore concludes this § 2254 petition should be dismissed without prejudice so Jaeger may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Jaeger to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 7, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of March, 2020.

                      /s/ Jerusha T. Adams
                      JERUSHA T. ADAMS
                      UNITED STATES MAGISTRATE JUDGE